## W. C. ALBERTS *v.* COMMONWEALTH.

**Criminal Law—Larceny—Horse-Stealing.**

> While horse-stealing is made a distinct offense by the statute it is also embraced in the larceny statute, and the state may elect as to what statute it will prosecute under.

**Indictment.**

> Where one is charged with larceny in one count of an indictment which is good, but is convicted under a second count which is bad, the judgment of conviction should be arrested.

### APPEAL FROM NELSON CIRCUIT COURT.

November 14, 1877.

OPINION BY JUDGE COFER:

Although horse stealing is made a distinct offense by the statute, that provision is merely cumulative. To steal a horse is a larceny at common law, and the offense is embraced in Sec. 1, Art. 11, Chap. 29, Gen. Stat., which provides for the punishment of those guilty of larceny, and may be punished under its provisions instead of the provisions of Sec. 2, if the prosecutor so elects, the doctrine being that the government may carve out of a transaction any offense embraced in it and proceed for that, and it will be a bar to a prosecution for any offense in which that prosecuted for was embraced, unless the major offense be a felony and that prosecuted for a mere misdemeanor.

The first count in the indictment was therefore sufficient. But the second count was bad, and as the jury found the appellant guilty under that count the judgment should have been arrested.

It is not alleged that the appellant knew the paper recited in the indictment was a forgery. It is averred that "by falsely representing that J. C. Samuels had written" the paper which he presented to Figg as genuine, and which was a forgery, he obtained from Figg a horse with intent to commit a fraud on him. The pretense that Samuels had written the paper may have been false, and yet the appellant may have believed it was true and that Samuels did in fact write it. It is true it is alleged that he made the pretense that the writing was written by Samuels with intent to defraud Figg, and it may be deduced from that intent that he knew the writing was spurious, but a material fact necessary to be alleged in an indictment cannot be supplied by deduction from the alleged intent of the party.

This conclusion renders it unnecessary to discuss other questions made in the argument.

Judgment *reversed,* and cause remanded with directions to arrest the judgment, and for further proper proceedings.

*Muir & Wickliffe, for appellant.   Moss, for appellee.*